IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESUS NAVARRO RODRIGUEZ,**

    **Petitioner,**

    vs.                                        Civ. No. 25-1149  JB/JFR

**DORA CASTRO, Warden of Otero
Detention Facility; MARY DE ANDA-YBARRA,
ICE District Director, Otero, New Mexico;
KRISTI NOEM, in her capacity as Secretary of
Homeland Security; PAM BONDI, in her
capacity as Attorney General of the United
States,**

    **Respondents.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Jesus Navarro Rodriguez's *Petition for Writ of Habeas Corpus* ("Petition"), filed November 18, 2025. Doc. 1. The Honorable James O. Browning referred this case to the undersigned on November 24, 2025, "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan*, 901 F.2d 849 (10th Cir. 1990). Doc. 2.

According to the Petition, Petitioner is a Cuban-born National who was targeted by the National Revolutionary Police because of his anti-regime activities. Doc. 1 at 5. Petitioner left Cuba for the United States on July 13, 2019. *Id.* He entered through El Paso, Texas, and was placed in the Migrant Protocol Program where he remained in Mexico for two court appearances. *Id.* On November 21, 2021, Petitioner reentered the United States and was placed on an Order of

Supervision.  *Id.* at 6.  Almost three years later, on August 13, 2024, Petitioner was detained following an appointment for supervision.  *Id.*  On August 22, 2024, Petitioner filed a motion to reopen his removal proceedings.  *Id.*  On August 27, 2024, while Petitioner's motion was pending, Petitioner was removed to Cuba.  *Id.*  On September 20, 2024, Petitioner's motion to reopen his removal proceedings was granted.  *Id.*  On January 3, 2025, Petitioner reentered the United States through El Paso, Texas, and was detained and classified as an arriving alien.  *Id.*  Although Petitioner has moved for a bond hearing pursuant to the reopening of his removal proceedings, his motion has gone unanswered and Petitioner has remained in detention at the Otero Detention Facility since his reentry on January 3, 2025.  *Id.* at 1-3.

      Petitioner contends that his prolonged and indefinite detention pending removal proceedings violates the U.S. Constitution's Fifth Amendment because it deprives Petitioner of liberty without due process of law.  Doc. 1 at 2, 7-9.  Petitioner also contends, *inter alia*, that his detention violates the provisions of Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, which provides that noncitizens are entitled to a bond hearing and, if certain criteria are met, may be released on bond pending their immigration removal proceedings.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 and requests, *inter alia*, that the Court order Petitioner's release from custody, with appropriate conditions of supervision if necessary.  Doc. 1 at 2.  In the alternative, Petitioner requests this Court order an immigration judge to conduct a bond hearing at which (1) the government bears the burden of proving flight risk and dangerousness by clear and convincing evidence and (2) the reviewing court considers alternatives to detention that could mitigate the risk of flight, if any is proven.  *Id.*

      On January 7, 2026, the undersigned entered an Order to Answer.  Doc. 5.  Therein, the Court ordered Petitioner to serve the Order on Respondents and directed the Clerk of the Court to

2

send a courtesy copy *via* email to the U.S. Attorney's Office. *Id.* The Court ordered Respondents to answer the Petition within seven (7) days of service. *Id.* On January 8, 2026, Petitioner filed a Certificate of Service indicating his compliance with the Court's Order. Doc. 6. On January 8, 2026, the Clerk's Office indicated it emailed a copy of the Court's Order to AUSA Ryan Ellison. On January 15, 2026, a Notice of Appearance and Notice Regarding Order to Answer were entered on behalf of Defendant Dora Castro. Docs. 7, 8. The Government has failed to respond.

**IT IS THEREFORE ORDERED** that the Government *within three days of receipt of service* will respond and show cause why the Petition should not be granted. Petitioner's reply, if any, is due three days after a response is filed. The Court will set a hearing, if necessary.

**IT IS FURTHER ORDERED** that the Clerk of the Court will serve this Order to Show Cause on the U.S. Attorney's Office *via* its centralized email address at USANM.Civil.Immigration@usdoj.gov.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, the Government is **ENJOINED** from transferring Petitioner Jesus Navarro Rodriguez from the Otero Detention Facility or removing him from the United States while these proceedings remain pending.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**