# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JESUS NAVARRO RODRIGUEZ,**

      **Petitioner,**

      vs.                                                          Civ. No. 25-1149 JB/JFR

**DORA CASTRO, Warden of Otero**
**Detention Facility; MARY DE ANDA-YBARRA,**
**ICE District Director, Otero, New Mexico;**
**KRISTI NOEM, in her capacity as Secretary of**
**Homeland Security; PAM BONDI, in her**
**capacity as Attorney General of the United**
**States,**

      **Respondents.**

## <u>ORDER DIRECTING SERVICE AND GRANTING EXTENSION OF TIME</u>[1]

**THIS MATTER** is before the Court on Petitioner Jesus Navarro Rodriguez's *Petition for Writ of Habeas Corpus* ("Petition"), filed November 18, 2025 (Doc. 1), and Respondents' Motion for Extension of Time, filed January 16, 2026 (Doc. 11).

According to the Petition, Petitioner is a Cuban-born National who was targeted by the National Revolutionary Police because of his anti-regime activities. Doc. 1 at 5. Petitioner left Cuba for the United States on July 13, 2019. *Id.* He entered through El Paso, Texas, and was placed in the Migrant Protocol Program where he remained in Mexico for two court appearances. *Id.* On November 21, 2021, Petitioner reentered the United States and was placed on an Order of Supervision. *Id.* at 6. Almost three years later, on August 13, 2024, Petitioner was detained following an appointment for supervision. *Id.* On August 22, 2024, Petitioner filed a motion to

---

[1] The Honorable James O. Browning referred this case to the undersigned on November 24, 2025, "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan*, 901 F.2d 849 (10th Cir. 1990). Doc. 2.

reopen his removal proceedings.  *Id.*  On August 27, 2024, while Petitioner's motion was pending, Petitioner was removed to Cuba.  *Id.*  On September 20, 2024, Petitioner's motion to reopen his removal proceedings was granted.  *Id.*  On January 3, 2025, Petitioner reentered the United States through El Paso, Texas, and was detained and classified as an arriving alien.  *Id.*  Although Petitioner has moved for a bond hearing pursuant to the reopening of his removal proceedings, his motion has gone unanswered and Petitioner has remained in detention at the Otero Detention Facility since his reentry on January 3, 2025.  *Id.* at 1-3.

Petitioner contends that his prolonged and indefinite detention pending removal proceedings violates the U.S. Constitution's Fifth Amendment because it deprives Petitioner of liberty without due process of law.  Doc. 1 at 2, 7-9.  Petitioner also contends, *inter alia*, that his detention violates the provisions of Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, which provides that noncitizens are entitled to a bond hearing and, if certain criteria are met, may be released on bond pending their immigration removal proceedings.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 and requests, *inter alia*, that the Court order Petitioner's release from custody, with appropriate conditions of supervision if necessary.  Doc. 1 at 2.  In the alternative, Petitioner requests this Court order an immigration judge to conduct a bond hearing at which (1) the government bears the burden of proving flight risk and dangerousness by clear and convincing evidence and (2) the reviewing court considers alternatives to detention that could mitigate the risk of flight, if any is proven.  *Id.*

On January 7, 2026, the undersigned entered an Order to Answer.  Doc. 5.  Therein, the Court ordered Petitioner to serve the Order on Respondents and directed the Clerk of the Court to send a courtesy copy *via* email to the U.S. Attorney's Office.  *Id.*  The Court ordered Respondents to answer the Petition within seven (7) days of service.  *Id.*  On January 8, 2026,

2

Petitioner filed a Certificate of Service indicating his compliance with the Court's Order. Doc. 6. On January 8, 2026, the Clerk's Office indicated it emailed a copy of the Court's Order to AUSA Ryan Ellison. On January 15, 2026, a Notice of Appearance and Notice Regarding Order to Answer were entered on behalf of Defendant Dora Castro. Docs. 7, 8. On January 16, 2026, the Court entered an Order to Show Cause due to Respondents' failure to respond. Doc. 9. On January 16, 2026, Respondents filed the Motion for Extension of Time to respond to the Order to Show Cause and the Petition. *Id.* Respondents argue they have not been properly served. *Id.*

Having reviewed the submissions, the docket, and being fully advised in the premises, it does not appear that Petitioner has yet served any of the Respondents in this matter in compliance with the Federal Rules of Civil Procedures. The Court's obligation to serve typical habeas corpus petitions stems from the Rules Governing Section 2254 Cases and Section 2255 Proceedings. For example, Rule 4 of the Rules Governing Section 2254 Cases requires "the clerk [to] serve a copy of the petition and any order on the respondent[.]" Similarly, the in forma pauperis statute provides a basis for court-supplied service of process. *See* 28 U.S.C. § 1915(d). Here, however, Petition does not seek relief under 28 U.S.C. §§ 2254, 2255, or 1915. The Petition invokes the Court's authority to issue a writ under 28 U.S.C. § 2241. Accordingly, the Federal Rules of Civil Procedure, including the service provisions of Rule 4(i), govern this case. *See* Fed. R. Civ. P. 81(a)(4).

Accordingly, the Court directs Petitioner to effectuate service of the Petition for Writ of Habeas Corpus, Doc. 1, and this Order on Respondents within five days. Petitioner shall file proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Respondents, having shown good cause for additional time to respond, are ordered to respond to the Petition and show cause why it should not be granted within two weeks of receipt of service.

*See* 28 U.S.C. § 2243 (providing that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

The Court will set a hearing within five days after Respondents file their Response. If Petitioner desires to file a reply, he must do so within three days of filing of any response.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR
United States Magistrate Judge**