IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESUS NAVARRO RODRIGUEZ,**

      **Petitioner,**

      vs.                                                                        Civ. No. 25-1149 JB/JFR

**DORA CASTRO,** Warden of Otero
Detention Facility; **MARY DE ANDA-YBARRA,**
ICE District Director, Otero, New Mexico;
**KRISTI NOEM,** in her capacity as Secretary of
Homeland Security; **PAM BONDI,** in her
capacity as Attorney General of the United
States,

      **Respondents.**

### ORDER TO SHOW CAUSE[1]

**THIS MATTER** is before the Court on Petitioner Jesus Navarro Rodriguez's *Petition for Writ of Habeas Corpus* ("Petition"), filed November 18, 2025. Doc. 1. On February 5, 2026, Respondents filed a Motion to Dismiss. Doc. 14. On February 18, 2026, Petitioner filed a *Reply to Respondents' Motion to Dismiss*. Doc. 15.

      **I.**       **BACKGROUND**

Petitioner is a Cuban-born National who was targeted by the National Revolutionary Police because of his anti-regime activities. Doc. 1 at 5. Petitioner left Cuba and entered the United States through El Paso, Texas, on June 13, 2019.[2] *Id.* at 5, 25. He was 43 years old at the

---

[1] The Honorable James O. Browning referred this case to the undersigned on November 24, 2025, "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan*, 901 F.2d 849 (10th Cir. 1990). Doc. 2.

[2] Petition states July 13, 2019. Doc. 1 at 5.

time.  *Id.* at 25.  Petitioner was placed in the Migrant Protocol Program and returned to Mexico for the duration of his immigration proceedings.  *Id.* at 5.  Petitioner was scheduled for two court appearances.[3]  *Id.* at 5, 25.  Petitioner failed to appear at his scheduled court appearance on September 11, 2021 [sic], due to the pandemic.[4]  *Id.* at 5-6.  Petitioner remained in Mexico until November 21, 2021, when he reentered the United States and was placed on an Order of Supervision.[5]  Doc. 1 at 6.

On February 27, 2022, Petitioner's daughter became a Lawful Permanent Resident of the United States pursuant to the provisions of the Cuban Adjustment Act.  Doc. 1 at 6, 22-23.  On April 28, 2022, Petitioner's wife became a Lawful Permanent Resident of the United States pursuant to the provisions of the Cuban Adjustment Act.  Doc. 1 at 6, 20-21.

On August 13, 2024, Petitioner was detained after reporting for an appointment for supervision.[6]  Doc. 1 at 6.  On August 22, 2024, Petitioner filed a motion to reopen his removal proceedings.  *Id.*; Doc. 14-3.  On August 27, 2024, while Petitioner's motion was pending, Petitioner was removed to Cuba.  Doc. 1 at 6.  On September 20, 2024, Petitioner's motion to reopen his removal proceedings was granted.  *Id.*; Doc. 14-3.

On January 4, 2025, Petitioner reentered the United States through El Paso, Texas, and was detained.  Doc. 1 at 6, Doc. 14-4 at 1-3.  Petitioner was deemed inadmissible pursuant to "section 212(a)(7)(A)(i)(I)," 8 U.S.C. § 1182(a)(7)(A)(i)(I), of the Immigration and Nationality

---

[3] A Notice to Appear attached to the Petition ordered Petitioner to appear on August 22, 2019.  Doc. 1 at 25.

[4] Immigration Court documents attached to the Motion to Dismiss indicate that Petitioner failed to appear on *September 11, 2019*, and was ordered removed to Cuba.  Doc. 14-2 at 1.

[5] Department of Homeland Security Record of Deportable/Inadmissible Alien dated January 4, 2025, under "Immigration History" indicates "11/07/2021 bag and baggage."  Doc. 14-4 at 3.

[6] Department of Homeland Security Record of Deportable/Inadmissible Alien dated January 4, 2025, under "Immigration History" indicated "08/13/2024 bag and baggage."  Doc. 14-4 at 3.

Act ("INA").[7]  *Id.*  Petitioner was processed for "expedited removal/credible fear."  *Id.*  Petitioner was transported to the "El Paso Service Processing Center" for housing arrangements pending a credible fear interview and asylum hearing.  *Id.*  The record indicates that Forms I-860[8] and I-296[9] were processed "but not served and placed in the case file."  *Id.* at 3.

On July 15, 2025, Petitioner's wife's Form I-130 Petition[10] submitted on behalf of Petitioner was approved.  Doc. 1 at 6.  Petitioner provided the approved Form I-130 Petition to the Deportation Officer and moved for a bond hearing without response.  *Id.*  Petitioner has remained in detention at the Otero Detention Facility since January 4, 2025.  *Id.* at 1-3.

Petitioner contends that his prolonged detention without any individualized assessment pending removal proceedings violates the U.S. Constitution's Fifth Amendment because it deprives Petitioner of liberty without due process of law.  Doc. 1 at 2, 7-9 (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).  Petitioner contends that his detention violates Section 235(b) of the INA, 8 U.S.C. § 1225(b), because it has extended beyond a reasonable period of time and the government has failed to show justification for Petitioner's continued detention at a bond hearing.  *Id.* at 9-13.  Petitioner also contends that his detention violates the provisions of Section 236 of the INA, 8 U.S.C. § 1226, which provides that noncitizens are entitled to a bond hearing

---

[7] This section provides that Petitioner was deemed ineligible for admission because he was

> not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title[.]

8 U.S.A. § 1182(a)(7)(A)(i)(I).

[8] Form I-860 is a *Notice and Order of Expedited Removal*.

[9] Form I-296 is a *Notice of Alien Ordered Removed/Departure Vertification*.

[10] Form I-130 is a *Petition for Alien Relative*.

and, if certain criteria are met, may be released on bond pending their immigration removal proceedings. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 and requests, *inter alia*, that the Court order Petitioner's release from custody, with appropriate conditions of supervision if necessary. Doc. 1 at 2. In the alternative, Petitioner requests this Court order an immigration judge to conduct a bond hearing at which (1) the government bears the burden of proving flight risk and dangerousness by clear and convincing evidence and (2) the reviewing court considers alternatives to detention that could mitigate the risk of flight, if any is proven. *Id.*

Respondents assert that Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Doc. 14 at 1. Respondents request the Court dismiss Petitioner's Petition on three grounds.

First, Respondents argue that the Court lacks subject matter jurisdiction by stating:

> When an immigration officer determines a noncitizen is inadmissible under § 1225(b), that officer shall order the noncitizen removed from the United States without further hearing or review, stripping the court of jurisdiction. *See* 8 U.S.C. § 1225(b)(1)(A)(i). There is, therefore, no subject matter jurisdiction for this Court to review the § 1225(b)(1) determination in this case.
>
> Additionally, while Petitioner's asylum proceedings are pending his claims are not ripe for review.

*Id.* at 2.

Second, Respondents argue that Petitioner, as an arriving alien under 8 U.S.C. § 1225(b)(1)(A), is not entitled to any additional due process beyond that specifically prescribed by statute. *Id.* Respondents argue there has been no due process violation as a matter of law. *Id.*

Third, Respondents argue that Respondents' conduct, as a matter of law, was not arbitrary capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.* (citing 5 U.S.C. § 706(2)(A)). Respondents argue, therefore, that Petitioner's requested relief is not authorized nor warranted under any legal authority. *Id.*

In Reply, Petitioner restates that his wife and daughter are both lawful permanent residents of the United States pursuant to the provisions of the Cuban Adjustment Act. *Id.* at 12-15. Petitioner restates that on July 15, 2025, Petitioner's wife's Form I-130 Petition[11] submitted on Petitioner's behalf was approved. *Id.* at 17. Petitioner adds in Reply that he has filed his application to Register Permanent Resident or Adjust Status (Form I-485) based on that approval. *Id.* at 2. Petitioner also adds that he filed a motion to terminate his removal proceedings which was granted by Order of the Immigration Judge on January 29, 2026, based on a determination that Petitioner has met "the burden of proving that [he] is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged." Doc. 15 at 19. The Order of the Immigration Judge indicated that "Respondent will continue with his CAA with USCIS." *Id.*

Petitioner now argues that in the absence of pending removal proceedings, his detention under § 1225(b) lacks a statutory basis. Doc. 15 at 3. Petitioner further argues he is not challenging an expedited removal order or an inadmissibility determination but is challenging the constitutionality of his prolonged civil detention without an individualized bond hearing such that this Court has subject matter jurisdiction.[12] *Id.* at 2. Petitioner further argues that he has demonstrated significant ties to the United States, including the lawful permanent residency of

---

[11] Form I-130 is a *Petition for Alien Relative*.

[12] 28 U.S.C. § 2241(a) provides federal courts the jurisdiction to grant a writ of habeas corpus to "release from unlawful physical confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973), a petitioner demonstrating "by a preponderance of the evidence," *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam), the existence of one of the five circumstances enumerated in 28 U.S.C. § 2241(c). Relevant here, a petition for a writ of habeas corpus raised pursuant to 28 U.S.C. § 2241(c)(3) seeks release from federal custody that is "in violation of the Constitution or laws or treaties of the United States . . . ."

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) ("[Noncitizen] Petitioners contend that they are being held in federal custody in violation of the laws of the United States . . . . Section 2241, by its terms, requires nothing more."), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004).

his wife and daughter, and that he has a pending application for adjustment status pursuant to the provisions of the Cuban Adjustment Act.

## II.    ORDER TO SHOW CAUSE

Respondents have represented to this Court that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(V).  Whether Respondents have properly applied this statute in the first instance remains in question.  What is certain now, however, is that the removal proceedings have been terminated by Order of the Immigration Judge and that Petitioner has met his burden of proving that he is entitled to admission to the United States pursuant to the provisions of the Cuban Adjustment Act.

**IT IS THEREOFRE ORDERED**, that Respondents will show cause by **Tuesday, February 24, 2026**, why Petitioner should not be immediately released.

**SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**